**\*\*E-filed 4/25/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SILGAN CONTAINERS, LLC,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, P.A, et al.,

    Defendants.

No. C 09-5971 RS

**ORDER DENYING MOTION TO DESIGNATE FACTS AS ESTABLISHED**

Plaintiff Silgan Containers, LLC has brought a "motion in limine" seeking a court order that would deem as established four enumerated propositions, consisting of factual findings and conclusions of law that would have the effect of removing from dispute several central issues being litigated in this action.[1]  Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition

---

[1] The propositions are:

1. When it issued the policies in issue in this action, National Union knew and intended that they would cover Silgan for property damage within the meaning of the policies for the damage any of Silgan's cans inflicted on produce products that were placed in those cans by Silgan's customers.
2. The damage to Del Monte's tomato products from exposure to Silgan's cans constitutes one "occurrence" within the meaning of the National Union policies because it constitutes "an accident, including continuous or repeated exposure to conditions, which results in . . . Property Damage neither expected nor intended from the standpoint of the Insured" and "[a]ll such exposure" was "to substantially the same general conditions" –

1 without a hearing, and therefore oral argument on this motion will not be entertained at the April 26,
2 2011 hearing scheduled for other motions in this action.[2]

The motion is denied. Silgan contends the relief requested is warranted as a sanction for National Union's alleged failure to present a witness for deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure who was properly prepared to testify on the designated topics, and for counsel's purported refusal to allow the witness to answer certain questions. Silgan asserts that an order designating the specified facts (and conclusions of law) as established is the "only meaningful remedy" because discovery is closed.

If Silgan was dissatisfied with the testimony of the witness proffered by National Union or believed that the witness was improperly instructed not to answer certain questions, it was incumbent on Silgan to bring a motion to compel, prior to seeking what essentially would be case dispositive sanctions. Although under Civil Local Rule 37-3, motions to compel generally must be filed within 7 days of the discovery cutoff, the deposition in dispute had gone forward pursuant to a court order entered on a motion to compel that Silgan timely filed prior to the cutoff. The Court retains jurisdiction to enforce its orders compelling discovery notwithstanding the passing of the discovery cutoff date.[3] Having failed to seek the more reasonable and appropriate remedy of an

---

namely, the same kind of defective cans – and therefore "shall be considered as arising out of one Occurrence" under the National Union policies.
3. The damage to Del Monte's tomato products from exposure to Silgan's cans legally obligated Silgan to pay Del Monte for the damage because of property damage.
4. No exclusions in the National Union policies bar coverage.

[2] Silgan filed this motion on less than 35 days notice, presumably for the convenience of having it heard at the same time as the other matters. While efficiency is to be encouraged, Silgan should have sought a stipulation for this motion to be heard on shortened time, or that the other motions be continued. A party may not unilaterally disregard the timing provisions of the Local Rules. In view of the disposition of this order, however, defendants have not been substantially prejudiced.

[3] Whether or not Silgan's failure to file a motion to compel promptly after the conclusion of the deposition renders any motion it may now bring untimely would be an issue for the assigned magistrate judge to consider in the first instance.

United States District Court
For the Northern District of California

order compelling further testimony, Silgan cannot show that the relief it seeks by this motion is warranted.[4]

IT IS SO ORDERED.

Dated:  4/25/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[4]  As one example, Silgan cites *Paul Revere Life Ins. Co. v. Jafari*, 206 F.R.D. 126 (D. Md. 2002) for the proposition that sanctions are appropriate where a party fails to prepare a witness adequately for a Rule 30(b)(6) deposition. The sanctions the *Paul Revere* court imposed, however, were a further deposition and a shifting of costs associated therewith, not a ruling that dispositive facts and legal conclusions were deemed to have been established.