1
2
3
4
5
6
7

UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| SILGAN CONTAINERS, | No. C 09-05971 RS (LB) |
| Plaintiff, | **ORDER REGARDING PARTIES'** |
| v. | **MAY 20, 2011 JOINT DISCOVERY** |
| | **LETTER** |
| NATIONAL UNION FIRE INS., *et al.*, | |
| Defendants. | **[ECF No. 132]** |
| _____/ | |

## I.  INTRODUCTION

In this case, Plaintiff Silgan Containers claims that Defendant National Union Fire Insurance Company must insure Silgan for damages caused by defective cans that Silgan sold to Del Monte Corporation to can Del Monte's tomato products. *See* Amended Complaint, ECF No. 37 at 4, ¶¶ 26-28.[1]  Del Monte made a claim for $5.4 million against Silgan, and Silgan reported the claims to its insurers. *See id.* at 3, ¶¶ 23-24.  Silgan's primary insurer Liberty Mutual paid the full amount of its $1.5 million coverage. *See id.* ¶ 27.  The case is about whether the remaining amount (roughly $3.9 million) and some additional costs are covered by the excess umbrella policies. *Id.*, ¶¶ 25-31.  The district court phased discovery: phase one (the current phase) addresses whether National Union's umbrella policies cover the loss, and phase two will address whether National Union acted in bad

_____

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    faith.  5/24/10 Order, ECF No. 39 at 1-2.   The district court referred discovery disputes to this court.

2                        **II.  PENDING DISCOVERY DISPUTE AND RELEVANT FACTS**

3         The issue in the pending dispute is about whether Siglan should be able to depose National

4    Union's 30(b)(6) witness about information in underwriting files that the court ordered Silgan to

5    produce in two orders in December 2010 and March 2011.  *See* Orders, ECF Nos. 70 and 98.  Some

6    discussion of the past orders gives context to the present dispute.

7         In December 2010, this court ordered Rule 30(b)(6) depositions on facts (not legal opinion) that

8    National Union relied on to deny Silgan coverage.  *See* 12/21/10 Order, ECF No. 70 at 7-8 (limiting

9    depositions to "policy interpretation and application issues" and expressly holding that there shall be

10   no discovery on bad faith claims).  The court also granted Silgan's requests for production of the

11   underwriting files and related claims-processing materials for the Del Monte tomato claim "only on

12   the issue of the disputed insurance policy terms."  *Id.* at 10.  As the court noted, the files were

13   relevant to determining the risks that National Union expected to cover in the policy, how it

14   interpreted the various policy terms, and whether the terms of the policy are ambiguous in the first

15   place.  *Id.* at 10-12.  Put another way, the underwriting and claims files were relevant to the

16   interpretation of the contract terms and how they were applied.  *Id.* at 10.

17        In a later discovery order, after National Union tried to limit the relevant time period for the

18   underwriting files to only the three current policies (an issue that it did not raise in the earlier

19   litigation), this court ordered disclosure of all underwriting files for policies issued to Silgan

20   basically on the ground that the policies all related to similar risks and had similar terms, and thus

21   the files were relevant for the same reasons set forth in the December order.  3/23/11 Order, ECF

22   No. 98 at 2-3 (noting that Silgan did not argue burden in the earlier dispute); *see also* 2/25/11 Joint

23   Discovery Letter, ECF No. 82 (parties raised this issue on February 25, 2011).

24        Silgan conducted its 30(b)(6) deposition of National Union on March 10, 2011.  5/20/11 Joint

25   Letter, ECF No. 132 at 2.  National Union did not produce the rest of its underwriting file until

26   weeks after the court's March 23, 2011 order.  *Id.*  As a result, Silgan could not ask National Union

27   about matters in the underwriting file produced after the deposition.  *Id.*

28        At the deposition, according to Silgan, National Union's representative testified that she had not

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    read the underwriting file, and National Union instructed her not to answer questions about the

2    underwriting file.  ECF No. 97 at 2.  (As noted above, National Union apparently produced the

3    underwriting files for only the three current policies.)  Believing that this court's prior order

4    encompassed a deposition on relevant portions of the underwriting file (meaning, not bad faith

5    issues, but issues relating to risks covered, contract terms, and how the contract terms were applied),

6    Silgan asked the district court on March 18, 2011 to designate certain facts as established,

7    essentially as a sanction for Silgan's failure to produce the witness.  ECF No. 97.  The facts Silgan

8    wanted designated as established basically boil down to, National Union's policies covered the

9    losses here.  *Id.* at 2.  The district court denied that motion, noting that it was a discovery dispute

10   that should be raised here.  4/25/11 Order, ECF No. 127 at 2 & n.3.

11       On May 20, 2011, presumably after following the new meet-and-confer procedures set forth in

12   this court's 3/23/11 order, the parties filed a joint letter asking this court to clarify whether its prior

13   orders covered a 30(b)(6) deposition on relevant matters in the underwriting file.  *See* ECF No. 132.

## III. DISCUSSION

15       Silgan argues that the whole point of producing the underwriting file was to clarify the risks

16   covered by the policies, and the contract terms and how they were applied.  Similarly, the

17   depositions were meant to address National Union's coverage position.  Thus, the deposition

18   necessarily included matters in the underwriting file.  Joint Letter, ECF No. 132 at 1-2.  National

19   Union counters that the witness testified about what the court ordered (essentially, its coverage

20   position), and in addition, National Union produced its underwriting files (then from 1998 to 2010).

21   Testifying on the "new matter" of the underwriting file, National Union argues, was not part of the

22   court's December order.  *Id.* at 2-3.  Also, any request now is untimely, overbroad, and not

23   calculated to lead to the discovery of admissible evidence.  *Id.* at 3-5.

24       The short answer here is that – as the court held in December 2010 and March 2011 – Silgan is

25   entitled to depose National Union on its "position on its coverage for the Del Monte claim."  *See*

26   12/21/10 Order, ECF No. 70 at 7-8.  The depositions were limited to "policy interpretation and

27   application issues" and expressly excluded any inquiry into bad faith claims.  *Id.*  For essentially the

28   same reasons, the court ordered Silgan's requests for production of the underwriting files "only on

the issue of the disputed insurance policy terms." *Id.* at 10.  Again, the idea is that Silgan was entitled to information about the risks covered by the policies, and how National Union interpreted and applied the policies. *Id.* at 10-12.

From the court's perspective, it was ordering depositions on certain grounds relating to National Union's coverage position, and documents relevant to that inquiry.  The scope of the intended deposition was meant to cover the underwriting files.

That did not happen, first because National Union's witness had not read the underwriting files apparently, and also because National Union had not yet produced all of the files anyway.  As to "not reading the files," National Union's position is that the court's order was not clear.  The court suggests – given the scorched earth approach that National Union has taken to discovery – a more prudent course would have been to ask the court.  Also, the court's discovery procedures in its standing order do contemplate that the parties can call the court in discovery emergencies such as depositions. *See* ECF No. 64-1at 3 (citing civil local rule 37-1).  Of course, that would not have helped because the witness did not read the files that had been produced, and National Union did not produce all the files until after the court's March 23, 2011 order (which was after the March 10, 2011 deposition).

The issue now is, is there a remedy for Silgan.  Instead of coming back to this court, it filed a motion with the district court on March 18, 2011 to essentially sanction National Union by designating dispositive facts as "established."  ECF No. 97.  This court overlooked it in the docket.  Had it seen the motion, it might have addressed it in its March 23 order.

Normally, a motion to compel discovery must be filed seven days after the discovery cut-off, which here was in November 2010. *See* Civil Local Rule 37-3.  But this issue is part of the parties' ongoing discovery dispute that was timely raised in this court in the parties' first joint discovery letter on November 29, 2010. *See* ECF No. 67.  Silgan pursued the issue again in the February 25, 2011 letter, in its March 18, 2011 motion before the district court, and in the current letter, thereby pursuing the issue within the time period contemplated by the civil local rules. *See* ECF Nos. 67, 82, 118.

The court explicitly rejects National Union's suggestion that Silgan chose an aggressive strategy

UNITED STATES DISTRICT COURT
For the Northern District of California

1   of filing in the district court instead of raising the issue here first.  Joint Letter, ECF No. 132 at 3.

2   As the court observed previously, both parties argue about discovery issues that ought to be worked

3   out, and while neither party is without fault, on balance National Union has been more unreasonable.

4   3/23/11 Order, ECF No. 98 at 2.  And here, having a 30(b)(6) witness show up to a deposition

5   without reading the underwriting file that the court ordered produced as relevant is a "strategy" that

6   has its consequences.  Similarly, National Union employed as another strategy an argument on

7   February 25, 2011 that it need not produce underwriting files for older policies.  *See id.* at 2-3

8   (noting that court had already decided issue in December 2010, and National Union did not propose

9   limiting the years of production then).  As a result, Silgan did not get the documents until after the

10  deposition.  Again, National Union could have raised the issue with Silgan or the court before the

11  deposition, and then the parties could have addressed at least the produced underwriting files at the

12  deposition.

13      The court already rejected National Union's arguments that extrinsic evidence is not admissible.

14  *See* 12/21/10 Order ECF No. 70 at 11-12.  As the court observed previously, National Union may be

15  right that extrinsic evidence is not admissible at trial, but that is not the standard that the court uses

16  to evaluate relevancy at the discovery stage.  *Id.* (collecting cases establishing this point).

17      The only issue then is the location of the deposition and its scope.  The scope is that defined in

18  the court's December 21, 2010 order: the risks National Union expected to cover, and how it

19  interpreted and applied the policy terms  *See* ECF No. 70.  The location will be National Union's

20  principal place of business, which apparently is New York.  In the discovery letter, Silgan indicated

21  that it wants the deposition to occur in San Francisco, apparently based on what it believes is

22  National Union's continued bad behavior.  Again, everyone is using discovery and remedies

23  strategically.  Given the procedural context described herein, the court will not deviate from the

24  normal discovery procedures, which ordinarily would result in the deposition in New York.  At the

25  ///

26  ///

27  ///

28  ///

1    June 2 hearing, Silgan agreed to conduct the deposition in New York.

2        This disposes of ECF No. 132.

3        **IT IS SO ORDERED.**

4    Dated: June 6, 2011

     _____
     LAUREL BEELER
     United States Magistrate Judge

**United States District Court**
For the Northern District of California

C 09-05971 RS (LB)
ORDER RE 5/20/11 JOINT DISCOVERY LETTER